IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISA WALKER, | ) |
| Plaintiff, | ) |
| vs. | ) 2:08cv267 |
| | ) **Electronic Filing** |
| DEPARTMENT OF MILITARY AND VETERANS AFFAIRS, COMMONWEALTH OF PENNSYLVANIA, | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

June 12, 2008

**I.   INTRODUCTION**

Plaintiff, Alisa Walker ("Walker"), filed her complaint alleging a violation of her rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, by Defendant, the Department of the Military and Veterans Affairs ("Defendant"),. Walker contends that she was discharged from her employment with the Southwest Veterans Center in Pittsburgh because she had to take intermittent leave from her job due to a serious health condition. Defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that, because it is an agency of the Commonwealth of Pennsylvania, Walker's claim is barred by state sovereign immunity. Plaintiff has responded and the motion is now before the Court.

**II.   LEGAL STANDARD FOR MOTION TO DISMISS**

In deciding a motion under Rule12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to the plaintiff. *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003). It had long been part of the Rule 12(b)(6) standard that a complaint may not be dismissed "unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41,45-46 (1957).  Recently, however, the United States Supreme Court disavowed the "no set of facts" language as part of the Rule 12(b)(6) standard, instructing: "[t]his phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic v. Twombly*, ____ U.S. ____, 127 S. Ct. 1955, 1969 167 L. Ed. 2d 929 (2007).  Therefore, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *Twombly*, 127 S. Ct. at 1965; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

The Court of Appeals for the Third Circuit summarized the *Twombly* formulation of the pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. County of Allegheny*, 515 F.3d at 234 (internal citations omitted).  In so deciding, a court usually looks "only to the facts alleged in the complaint and its attachments without reference to other parts of the record," *see Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994), but it also may consider "matters of public record . . . and undisputedly authentic documents attached to a motion to dismiss." *Delaware Nation v. Pennsylvania*, 446 F.3d 410, 413 n.2 (3d Cir. 2006).

### III.  DISCUSSION

Defendant has filed a motion to dismiss contending that it is an arm of the state and that Walker's FMLA claim is barred by the Commonwealth's sovereign immunity pursuant to the Eleventh Amendment to the United States Constitution.  Walker argues that Congress has

abrogated Eleventh Amendment immunity for all claims under the FMLA. In the alternative, Walker contends that Defendant has affirmatively waived its immunity in this instance.

The FMLA provides that an eligible employee may take up to twelve weeks of leave in a twelve-month period for any of the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1). Of the enumerated reasons for taking leave, Subsection (C) relates to medical leave for "family care," and Subsection (D) relates to medical leave for "self care." Here, Walker asserts rights under the self-care provision of the FMLA, 29 U.S.C. § 2612(a)(1)(D).

The Eleventh Amendment to the United States Constitution states in pertinent part:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has consistently held that the Eleventh Amendment immunizes an unconsenting state from suits brought in federal court by its own citizens as well as by citizens of another state. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emples. of the Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973)).

State sovereign immunity, however, is not absolute. Congress may abrogate the states' Eleventh Amendment immunity pursuant to its authority under section five of the Fourteenth Amendment provided it has unequivocally expressed its intent to do so. *See Kimel v. Fla. Bd. of*

*Regents*, 528 U.S. 62, 73-74, 79 (2000). In determining whether Congress validly abrogated state sovereign immunity, a court must determine whether "Congress unequivocally expressed its intent to abrogate that immunity; . . . and, if it did, whether Congress acted pursuant to a valid grant of constitutional authority." *Tennessee v. Lane*, 541 U.S. 509, 517 (2004); *Bowers v. NCAA*, 475 F.3d 524, 550 (3d Cir. 2007).

In *Chittister v. Dep't of Cmty. & Econ. Dev*, 226 F.3d 223 (3d. Cir. 2000), the Court of Appeals for the Third Circuit held that though Congress unequivocally expressed its intent to abrogate immunity with regard to the FMLA, it did not validly do so with respect to violations of § 2612(a)(1)(A) through (D). *Chittister v. Dep't of Cmty. & Econ. Dev*, 226 F.3d at 227-229. Three years later, the Supreme Court held that Congress did validly abrogate states' Eleventh Amendment immunity with regard to the "family-care" provision of the FMLA. *See Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 740 (2003). This Court has previously held that the *Hibbs* decision was limited to the "family-care" provision and, although it overruled *Chittister* in part, the Third Circuit's holding regarding the "self-care" provision of the FMLA remained unaffected. *See Haybarger v. Lawrence County Adult Prob. & Parole*, 2007 U.S. Dist. LEXIS 18314, 7-8 (W. D. Pa. March 14, 2007). Two other district courts in this circuit have also held that the holding in *Hibbs* does not extend to the self-care provision of the FMLA. *See Wampler v. Pennsylvania*, 508 F. Supp. 2d 416, 421-422 (M. D. Pa. 2007); *Savage v. State of New Jersey*, 2007 U.S. Dist. LEXIS 13002 (D. N.J. February 23, 2007)(finding that "*Chittister* remains the law of this circuit" with respect to the self-care provision notwithstanding the Supreme Court's holding in *Hibbs* )[1].

---

[1]   In addition, several Courts of Appeal have concluded that *Hibbs* does not preclude a finding that the self-care provision of the FMLA is unenforceable against the States in federal court. *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007); *Toeller v. Wis. Dep't of Corr.*, 461 F.3d 871, 879-80 (7th Cir. 2006); *Touvell v. Ohio Dep't of Mental Retardation and Developmental Disabilities*, 422 F.3d 392, 405 (6th Cir. 2005); *Brookman v. Wyoming Dep't of Family Services*, 342 F.3d 1159, 1165 (10th Cir. 2003).

Clearly then, Walker's claim under the FMLA is barred under the Eleventh Amendment unless Defendant has affirmatively waived its sovereign immunity. The test for determining whether a State has waived its immunity from federal court jurisdiction is "a stringent one." *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 241 (1985). Waiver of Eleventh Amendment immunity is found only where the state "voluntarily invokes" federal jurisdiction or where the state "makes a clear declaration that it intends to submit itself" to federal jurisdiction. *Chittister v. Dep't of Cmty. & Econ. Dev*, 226 F.3d at 227 (citing *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-676 (1999)). The Court finds no express waiver of immunity by the Defendant or the Commonwealth in this instance. Walker's claim under the FMLA, therefore, is barred by state sovereign immunity.

## IV. CONCLUSION

Based on the above, Walker's FMLA claim against the Defendant shall be dismissed. Accordingly,

### ORDER OF COURT

AND NOW, upon consideration of the Motion to Dismiss (**Document No. 3**) filed on behalf of Defendant, the Department of the Military and Veterans Affairs, Plaintiff's response thereto, and the briefs filed in support thereof, in accordance with the accompanying memorandum,

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED** and the Complaint is dismissed. The Clerk shall mark this case closed.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Lawrence R. Chaban, Esquire
2727 Grant Building
330 Grant Street
Pittsburgh, PA 15219

Paul R. Scholle, Esquire
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219